Leroy SANDERS, Plaintiff—Appellant,

v.

Donald RUMSFELD, Secretary,
Department of Defense *
Defendants—Appellees.

No. 03–56457.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.**

Decided Sept. 17, 2004.

M. Kamionski, Esq., Manhattan Beach, CA, for Plaintiff–Appellant.

Monica L. Miller, Esq., Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendant.

Robyn–Marie Lyon Monteleone, Esq., Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, Defendants–Appellees.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM ***

Leroy Sanders appeals the district court's summary judgment in favor of his former employer in his action alleging race, age,**** and disability discrimination in violation of Title VII and the Rehabilitation Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Vasquez v. County of L.A.*, 349 F.3d 634, 639–40 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Sanders' race discrimination claim under Title VII because, even if Sanders could make out a prima facie

---

\* The court sua sponte changes the docket to reflect that Donald Rumsfeld, Secretary of the Department of Defense, is the proper respondent. The Clerk shall amend the docket to reflect the above caption. *See* Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\*\*\*\* Sanders does not challenge the district court's ruling on his age discrimination claim on appeal.

case of discrimination, he failed to raise a genuine issue of material fact as to whether defendants' proffered reasons for the employment decisions were pretextual. *See Vasquez,* 349 F.3d at 642, 647. Moreover, the district court properly evaluated Sanders' evidence under both the direct and circumstantial evidence standards. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

The district court properly granted summary judgment on Sanders' hostile work environment and constructive discharge claims because there was no triable issue about whether defendant's conduct interfered unreasonably with his employment or was so intolerable that it would force an employee to quit. *See Kortan v. Cal. Youth Auth.,* 217 F.3d 1104, 1111, 1113 (9th Cir.2000).

The district court properly granted summary judgment on Sanders' Rehabilitation Act claims because Sanders did not raise a genuine issue of material fact as to whether any of his impairments substantially limits a major life activity. *See Thornton v. McClatchy Newspapers, Inc.,* 292 F.3d 1045, 1046 (9th Cir.2002) (order).

Sanders has not demonstrated that the district court's delay in ruling on defendants' motion for summary judgment caused him prejudice. *Cf. Bunch v. United States,* 680 F.2d 1271, 1283 (9th Cir. 1982) (holding that errors and defects in district court proceedings will be disregarded unless doing so would be inconsistent with substantial justice.)

**AFFIRMED.**